# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREAT LAKES INSURANCE SE f/k/a GREAT LAKES REINSURANCE (UK) PLC, a foreign corporation, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-23-166-SLP<br>) |
| EDNA'S & TAMMY'S, LLC, a limited liability company, | )<br>)<br>)<br>) |
| Defendant. | ) |

## O R D E R

Before the Court is the Motion for Default Judgment [Doc. No. 9] filed by Plaintiff Great Lakes Insurance SE, f/k/a Great Lakes Reinsurance (UK), PLC. Plaintiff seeks a declaratory judgment that the commercial liability insurance policy between it and Defendant provided no coverage for dramshop liability claims asserted against Defendant in an underlying lawsuit in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2021-5493. *See* Compl. [Doc. No. 1] ¶¶ 1-16. Upon review of the state court docket, it appears the underlying action has settled.[1]

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Sav. & Loan*, 802 F.2d 1200,

---

[1] The Court may take judicial notice of the state court docket. *See United States v. Pursley*, 577 F.3d 1204, 1214 n. 6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

1203 (10th Cir. 1986).  Under Article III of the Constitution, this Court's jurisdiction is limited to actual "cases" or "controversies." *Morgan v. McCotter*, 365 F.3d 882, 887 (10th Cir. 2004).[2]  An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks and citation omitted); *see also Columbian Fin. Corp.*, 650 F.3d at 1381 ("[T]he actual controversy must exist not only at the time that the complaint is filed; it must continue until the district court issues its declaratory judgment.").

Plaintiff's Motion for Declaratory Judgment [Doc. No. 9] does not address justiciability under Article III or the Declaratory Judgment Act.  In its Complaint, Plaintiff asserted there was a live case or controversy because Defendant made a demand for defense and indemnification under the policy, and Plaintiff maintained the policy does not afford coverage for the state court action.  *See* [Doc. No. 1] ¶¶ 3, 5, 8, 14-16.  As noted above, however, it appears the state court action for which defense and indemnification was sought has settled, therefore it is unclear at this time whether there remains a live case or controversy between the parties.  *Cf. Wausau Underwriters Ins. Co. v. Superior Linen Serv., Inc.*, No. 13-CV-196-GKF-FHM, 2014 WL 2711301, at *4 (N.D. Okla. June 16, 2014) (listing examples of federal courts "dismiss[ing] declaratory judgment actions [as moot] after the underlying state tort suits were settled and/or dismissed.").

---

[2] As relevant to this action, the Declaratory Judgment Act similarly requires "a case of actual controversy."  28 U.S.C. § 2201(a).  "'The phrase "case of actual controversy" in the Act refers to the type of "Cases" or "Controversies" that are justiciable under Article III' of the United States Constitution."  *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (citation omitted).

IT IS THEREFORE ORDERED that Plaintiff shall file a response within seven (7) days from the date of this Order establishing that there continues to be a live case or controversy under Article III and the Declaratory Judgment Act after settlement of the state court action. Failure to make the requisite showing may result in dismissal of this action without further notice to Plaintiff.

IT IS SO ORDERED this 20th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE