# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREAT LAKES INSURANCE SE f/k/a GREAT LAKES REINSURANCE (UK) PLC, a foreign corporation;<br><br>Plaintiff,<br><br>v.<br><br>EDNA'S & TAMMY'S, LLC, a limited liability company;<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-23-166-SLP<br>)<br>)<br>)<br>)<br>)  |

## O R D E R

Before the Court is the Motion for Default Judgment [Doc. No. 9] filed by Plaintiff Great Lakes Insurance SE f/k/a Great Lakes Reinsurance (UK) PLC ("Great Lakes"). No response has been filed. For the reasons set forth below, the Court finds default judgment should be entered, and the Motion is GRANTED.

**I.   Background**

Great Lakes filed this declaratory judgment action against Defendant Edna's & Tammy's, LLC ("Edna's") on February 17, 2023. Compl. [Doc. No. 1] at 1. Great Lakes seeks a declaratory judgment that the commercial liability insurance policy between it and Edna's provided no coverage for dramshop liability claims asserted against Edna's in an underlying lawsuit in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2021-5493 (the "State Court Action"). *See id.* ¶¶ 1-16.

Edna's was served with the Summons and a copy of the Complaint on February 25, 2023. [Doc. No. 6]. On May 22, 2023, upon Great Lakes' showing that Edna's failed to

answer or otherwise respond to the Complaint, the Clerk of Court entered default as to Edna's pursuant to Federal Rule of Civil Procedure 55(a). [Doc. No. 8]. Great Lakes now seeks default judgment pursuant to Rule 55(b). Mot. [Doc. No. 9].

## II.    Governing Law

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. First, a plaintiff must apprise the court that the opposing party has "failed to plead or otherwise defend" by "affidavit or otherwise" and request the clerk to "enter the party's default." Fed. R. Civ. P. 55(a). Second, the party obtaining a default must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The first procedural step has been satisfied: as stated, the Clerk of Court entered default against Edna's after it failed to answer or otherwise defend. [Doc. No. 8].

The Court now considers the second procedural step. A default judgment is not automatic. Even after entry of default against a defendant, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (cleaned up). When deciding a motion for default judgment, the court must accept as true the well-pleaded factual allegations of the complaint. *Mathiason v. Acquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269, 1274 (D. Kan. 2016); *see also Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (in the event a party is in default, the plaintiff is "relieved . . . from having to prove the complaint's factual allegations."). Ultimately, the entry of a default judgment is committed to the sound discretion of the trial court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

### III. <u>Analysis</u>

#### A. **Jurisdiction**

The Court has engaged in a review of its jurisdiction over both the subject matter of Great Lakes' Complaint and the parties as required upon a motion for default judgment. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Cooper Res., LLC v. Alldredge*, No. 20-CV-457-JFH, 2021 WL 3640704 at *1 (E.D. Okla. Aug. 17, 2021). The Court is satisfied that both subject matter jurisdiction and personal jurisdiction exist.

The Court finds subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(2), as this matter involves an amount in controversy in excess of the jurisdictional minimum of $75,000.00, and is between Great Lakes, a German corporation with its principal place of business in Munich, Germany, and Edna's, a limited liability company whose sole member is a citizen of Oklahoma County, Oklahoma. *See* Compl. [Doc. No. 1] ¶¶ 1-2, 6.

Further, Great Lakes was required to allege sufficient facts to establish personal jurisdiction is proper over Defendants under both the Oklahoma long-arm statute and under the Due Process Clause. *See Klintworth v. Valley Forge Ins. Co.*, No. 20-CV-0178-CVE-FHM, 2020 WL 3625733 at *2 (N.D. Okla. July 2, 2020). Great Lakes' allegations establish Edna's has sufficient minimum contacts with Oklahoma such that it purposefully availed itself of the protections or benefits of this state's laws and should reasonably anticipate being haled into this Court. Compl. [Doc. No. 1] ¶¶ 2-4, 14; *see also Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). The exercise of personal jurisdiction over Edna's would not offend traditional notions of fair play and substantial justice. *DiPanfilo*, 671 F.3d at 1167; *Cooper Res. LLC*, 2021 WL 3640704 at *3.

The Court also concludes that it has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Article III of the Constitution because the allegations reflect that Edna's has made a demand for defense and indemnification under the commercial liability policy, and Great Lakes maintains coverage does not exist under the policy.[1] *See* Compl. [Doc. No. 1] ¶¶ 3, 5, 8, 14-16; *see also Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1384 (10th Cir. 2011) (recognizing a "disagreement about coverage" is sufficient to form a case or controversy for jurisdictional purposes).

### B.  Venue

The Court further finds venue is proper in this judicial district under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Edna's is located in this judicial district. *See* Compl. [Doc. No. 1] ¶¶ 2, 4; *see also* 28 U.S.C. § 1391(b)(1)-(2), (c)(2).  Moreover, due to Edna's default, any defect in venue is waived.  *See Williams*, 802 F.2d at 1202.

### C.  Allegations of the Complaint

Great Lakes alleges that on December 27, 2021, Jason Plumlee filed suit against Edna's and an individual named Naomi Esquivel in the District Court of Oklahoma County, Oklahoma.  Compl. [Doc. No. 1] ¶ 7.  Mr. Plumlee asserts a dramshop liability claim against Edna's, alleging it negligently over-served alcohol to Ms. Esquivel on or

---

[1] The Court entered an Order [Doc. No. 10] directing Great Lakes to show that there remains a live case or controversy, *id.* at 3, and Great Lakes filed a Notice [Doc. No. 11] showing there continues to be a case or controversy ripe for adjudication.  *See id.* at 1.

4

about February 27, 2021, which resulted in Ms. Esquivel causing a car accident that injured Mr. Plumlee. *See id.* ¶¶ 4, 7.

Enda's had a commercial general liability policy with Great Lakes, numbered GLG025459, which was in effect from May 10, 2020 to May 10, 2021 (the "Policy"). *Id.* ¶ 9. The Policy covers defense and indemnification for "bodily injury and property damage" under "Coverage A" and "medical payments" under "Coverage C"—which are the types of damages sought by Mr. Plumlee in the State Court Action. *Id.* ¶¶ 10-12.

The Policy contains a "liquor liability" exclusion applicable to Coverages "A" and "C" that provides there is no coverage for damages Edna's could be held liable for due to: "(1) causing or contributing to the intoxication of any person; (2) the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." *Id.* ¶ 13. The exclusion applies only if Edna's is in the business of "manufacturing, distributing, selling, serving or furnishing alcoholic beverages." *Id.*

Edna's operates a restaurant and bar in Oklahoma City, Oklahoma, and it is in the business of selling, serving, and furnishing alcoholic beverages. *Id.* ¶ 14. There is no question that Mr. Plumlee's claims against Edna's in the State Court Action arise out of Edna's allegedly negligent over-serving of alcohol to Ms. Esquivel on the evening in question. *Id.* Accordingly, there is no coverage under the Policy for the claims against Edna's in the State Court Action. *Id.*

      **D.**    **Relief Requested**

Pursuant to these allegations, Great Lakes requests that the Court enter judgment declaring that:

1. The Policy does not provide Edna's coverage for any claims asserted or potential damages awarded in the State Court Action; and

2. Great Lakes has no obligation or duty to defend, indemnify, or otherwise make any payments to or on behalf of Edna's regarding the claims asserted or damages awarded in the State Court Action.

*Id.* at 5-6.

The Court concludes that Great Lakes' well-pleaded factual allegations establish that the Policy does not provide coverage for Mr. Plumlee's claims in the State Court Action. *See Hiscox Ins. Co. Inc. v. Purpose Janitorial, LLC*, No. CIV-22-835-D, 2023 WL 3168598, at *2 (W.D. Okla. Apr. 28, 2023). Great Lakes is therefore entitled to the requested declaratory judgment. Finally, because Edna's has failed to respond or defend this action in any way, the Court finds that entry of default judgment awarding the relief requested is appropriate.

**IV.**    **Conclusion**

Accordingly, Great Lakes' Motion for Default Judgment [Doc. No. 9] is GRANTED as set forth herein. A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE